THE UNITED STATES DISTRICT OF TEXAS
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **BERNARD WILKERSON** *Plaintiff* | § § § | 5:20-cv-00345 |
| VS. | § § | **CIVIL ACTION NO.** **JURY TRIAL** |
| **UNITED STATES OF AMERICA** *Defendant.* | § § § § | **REQUESTED** |

## PLAINTIFF'S ORIGINAL COMPLAINT- FEDERAL TORT CLAIMS ACT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BERNARD WILKERSON (hereinafter referred to as "Mr. Wilkerson" or as "Plaintiff") files this Petition complaining of THE UNITED STATES OF AMERICA (herein after "Defendant") for cause of action would respectfully show as follows:

## I.
## CONDITIONS PRECEDENT

1. Plaintiff has fully complied with the provisions of 28 U.S.C §2675 of the Federal Tort Claims Act. Specifically, this suit has been timely filed, in that Plaintiff timely served notice of their claims on the appropriate Federal Agency, the United States Postal Service.

2. The Appropriate Federal Agency failed to make a final disposition of Plaintiff's claims within six months after Plaintiff's claims were filed, and such failure is deemed by Plaintiff to be a final denial pursuant to 28 U.S.C. §2675.

## II.
## PARTIES

3. Plaintiff **BERNARD WILKERSON** is an individual residing in Bexar County, Texas and is a resides within the Western District of Texas.

4. Defendant is the **UNITED STATES OF AMERICA**. The Defendant may be

served with summons upon, Stephanie Rico, Civil Process Clerk and agent for service of process for the United Sates Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216.

## III.
## JURISDICTION & VENUE

5.     The claims herein are brought against the United States of America and the United States Postal Service pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 et seq. and 28 U.S.C. 1346(b) for monetary damages as compensation for loss of property and personal injuries that were directly and proximately caused by the negligent and wrongful acts and omissions of employees of the United States of America working for the United States Postal Service while acting in the course and scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws and the State of Texas.

6.     Venue in proper under 28 U.S.C. §1391(b)(2) in that all, or a substantial part, of the acts or omissions forming the basis of this suit occurred in Travis County, Texas, which is within the Western District of Texas – Austin Division.

7.     Plaintiff requests a trial by jury.

## IV.
## FACTS

8.     On October 27, 2018, at approximately 12:50 P.M., Claimant Bernard Wilkerson was driving South on Congress Ave near Ben White in Austin, Travis County, Texas, when a United States Postal Service ("USPS") Postal Truck, driven by Larry Gutierrez (who was in the course and scope of his employment as an employee of the United States of America) pulled out from a private road and hit him from behind. Damage to his vehicle includes

damage to the rear bumper on the passenger side of his 2015 RX 350 Lexus. As a direct and proximate cause of the wrongful and negligent behavior of Larry Gutierrez, Mr. Wilkerson complains of pain in his neck, low back, mid back, left shoulder and head. The pain in his neck, low back, mid back and left shoulder, and headaches.

9. As a direct and proximate cause of the sudden and violent force experienced of the impact and Defendants' negligence, Plaintiff suffered severe bodily injuries in his neck, lower back, mid back, left shoulder, left leg and head, to include radiating pain down his left leg.

## V.
## CAUSES OF ACTION

10. The **UNITED STATES OF AMERICA**, and its agents, servants, and employees, are liable to Claimant under the Federal Tort Claims Act because his injuries and damages were proximately caused by the wrongful acts and omissions or the negligence of driver Gutierrez, who at all relevant times was acting within the scope of his employment while operating or using a motor-driven vehicle or motor-driven equipment and Larry Gutierrez would be personally liable to Claimant under Federal and State Law.

11. Specifically, the occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately caused by the negligent conduct of Larry Gutierrez, who was in the course and scope of his employment with United States of America. Larry Gutierrez operated his motor vehicle in a negligent manner because he violated the duty which he owed Claimant to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

   a.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar

circumstances;

b.  in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.  in failing to turn his vehicle in another direction to avoid an impending collision, as would have a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

d.  in failing to blow the horn to warn of imminent collision;

e.  in driving the vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances;

f.  in failing to maintain a safe distance and following the vehicle in front of Defendant too closely in violation of TEX. TRANSP. CODE § 545.062(a), which constitutes both negligence and negligence per se; and

g.  in failing to maintain a safe distance in violation of TEX. TRANSP. CODE §545.101;

h.  in failing to wait to turn when it was safe to do so, as would be done by a person of ordinary prudence under the same or similar circumstances that constitutes negligence and negligence per se;

i.  failure to yield right of way when exiting a private drive onto a public road or highway, as would be done by a person of ordinary prudence under the same or similar circumstances that constitutes negligence and negligence per se;

j.  in demonstrating driver inattention;

k.  in failing to keep the vehicle he was driving under proper control, as would have been done by a reasonably prudent person exercising a degree of prudence under the same or similar circumstances;

l.  in driving a vehicle in willful or wanton disregard for the safety of persons, in violation of the TEX. TRANSP. CODE § 545.401(Reckless Driving); and

m.  In negligently training, hiring, supervising, and entrusting driver with a vehicle when Defendant knew or should have known that driver was reckless, incompetent, or unfit to drive.

12. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, which proximately caused the incident described above and other losses as specifically set forth herein, all of which Claimant suffered and which he will continue to suffer in the future, if not for the remainder of his natural life.

13. Claimant further alleges, incorporating allegations above. At the time of this incident, the United States Postal Service was a governmental unit whose employees were performing a government function for which sovereign immunity was waived under FTCA, 28 U.S.C. Section 2671-2680 Federal Tort Claims Act. The United States Postal Service employees are employees of the United States of America. Its employees, while acting within the scope of employment, were at minimum negligent. The negligence proximately caused my client's injuries. The Defendant would, if a private person, be liable to the claimant under Texas law for the damages he suffered as a result of negligent acts or omissions by USPS and its employees.

14. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* and 28 U.S.C. §§1346(b), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employee Larry Gutierrez, an employee of the United States Government while acting within the scope of his employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in accordance with the laws of the State of Texas.

15. Claimant alleges that, pursuant to Section 1346 the Government waives sovereign immunity for tort liability under the FTCA:

    (1) personal injury and property damage of Bernard Wilkerson and his 2015 350 RX Lexus;

    (2) caused by negligent or wrongful acts or omissions of Larry Gutierrez;

    (3) Larry Gutierrez is a government employee acting within scope of his office or employment with the United States Postal Service;

    (4) in the same manner and to the same extent as a private person under like circumstances. 28 U.S.C. §§ 1346(b)(1), 2674.

16.     The government is made liable for the negligent or wrongful act or omission of any government employee. 28 U.S.C. § 1346(b)(1). Under Texas law, an employee's conduct is considered to fall within the scope of his employment if his actions were (1) within the general authority given to him, (2) in furtherance of the employer's business, and (3) for the accomplishment of the object for which the employee was employed. *Counts v. Guevara*, 328 F.3d 212, 214 (5th Cir. 2003). This is all present in our case. The United States of America is liable in tort in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674. Section 1346, which grants jurisdiction over FTCA suits to District Courts, reinforces this limitation on the government's liability in tort to circumstances where the United States, if it were a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred. *Id.* at § 1346(b)(1).

## VI.
## DAMAGES

17.     As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff suffered severe bodily injuries to the back, neck and other parts of the body. The injuries have had a serious effect on Plaintiff's health and well-being. Some of

the effects are permanent and will abide with Plaintiff for a long time into the future, if not for Plaintiff's entire life.

18. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout Plaintiff's body for a long time in the future, if not for the balance of Plaintiff's natural life. As a further result of the nature and consequences of these injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of Plaintiff's natural life.

19. As a further result of all of the above, Plaintiff incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

20. As a further result of the injuries sustained by Plaintiff there is a reasonable probability that Plaintiff will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention.

21. Plaintiff sustained physical impairment and disfigurement as a consequence of the injuries sustained. In all reasonable probability, this disability will cause Plaintiff to suffer long into the future, if not for the balance of Plaintiff's natural life.

22. By reason of all of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of this Court for which Plaintiff now sues.

23. Specifically, between October 31, 2018 and January 25, 2019, Mr. Wilkerson had chiropractic treatment and therapy to treat pain symptoms in his neck and his back. Mr. Wilkerson has $10,347.00 in bills from his medical provider. Claimant may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;

2. Pain and suffering in the future;

3. Mental anguish in the past;

4. Mental anguish in the future;

5. Past medical expenses in an amount of at least $10,347.00;

6. Physical impairment in the past and in the future;

7. Lost wages in the past;

8. Property damage;

9. Pre-judgment interest at the rate to be determined, but at least at 5.5%;

10. Post-judgment interest the rate to be determined, but at least at 5.5%;

11. Loss of use; and

12. Loss of consortium.

## VII.

## INTEREST

24. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.

## JURY DEMAND

25. Plaintiff demands a trial by jury and tenders payment this date of the required jury

fee.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BERNARD WILKERSON, requests that the Defendant, United States of America, be served with summons and cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendant, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a. Pain and suffering in the past;
b. Pain and suffering in the future;
c. Mental anguish in the past;
d. Mental anguish in the future;
e. Past medical expenses;
f. Future medical expenses;
g. Physical impairment in the past;
h. Physical impairment in the future;
i. Physical disfigurement in the past;
j. Physical disfigurement in the future;
k. Pre-judgment interest;
l. Post-judgment interest;
m. loss of use;
n. loss of consortium; and
o. loss wages in the past.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78401
PHONE: (361) 985-0600; FAX: (877) 513-1359

BY: _____
THOMAS N. CAMMACK, III
STATE BAR NO. 24073762
*email: tcammack-svc@thomasjhenrylaw.com
ATTORNEYS FOR PLAINTIFF
*Service by this email address only